BELSOME, J.,
concurs in part, dissents in part with reasons.
hi agree with the majority in finding that the trial court did not abuse its discretion in granting HANO’s petition for intervention. However, I respectfully dissent with its opinion as it relates to the ownership of the improvements.
This controversy surrounds language found in an act of transfer and a correlating lease that purported to allocate ownership of the improvements to the IDB,[1] who is tax-exempt under state law, while allowing St. Bernard, LLC to retain ownership for purposes of depreciation under federal law. The issue before us is whether an act of transfer can grant this type of bifurcated ownership in the same property while *930 remaining consistent with the concepts and principles embodied in the civil code?[2]
Since ownership is a right that confers direct, immediate, and exclusive authority over a thing, the answer must be no. La. C.C. art. 477; See also Wilson v. Aetna Ins. Co., 161 So. 650, 652 (La.App. 2 Cir.1935) (where the court found that the owner of a thing may use, enjoy, and dispose of thing within the limits and Lunder the conditions established by law). Here, St. Bernard maintained the same authority over the improvements before and after the transfer, indicating that there was no transfer of ownership.
The question then becomes whether St. Bernard truly intended to transfer ownership of the improvements to the IDB in the first place. If the contract, by mutual agreement, did not reflect the true intent of the parties, then the contract is a simulation. La. C.C. art.2025. When the parties intend that their contract produce different effects from those recited in the contract, a relative simulation occurs. La. C.C. art.2027.
Louisiana law has long recognized that certain contracts of sale of immovable property containing a right of redemption and unaccompanied by delivery of the thing sold are merely pignorative contracts intended to secure the party borrowing funds (the vendor) not to transfer property onerously. Matter of Dibert, Bancroft & Ross Co., Ltd., 117 F.3d 160, 177 (5th Cir.1997); See also Lerner Shops of Louisiana, Inc. v. Reeves, 73 So.2d 490, 495-97 (La.App. 1 Cir.1954) (construing purported sale and leaseback of immovable property as a pignorative contract or security device when arrangement provided (1) the vendor with an option to repurchase the realty from the purchaser during the term of the lease and for the consideration paid by the purchaser and (2) the purchaser with the right to compel the vendor to repurchase the realty during the same period and for the same amount).
In this case, the IDB issued bonds to St. Bernard in the amount of $4, 295, 000.00 to assist in funding. St. Bernard transferred ownership of the improvements to the IDB, and the IDB leased the same improvements back to St. Bernard. The IDB lease included a PILOT[3] agreement wherein St. Bernard would | spay nothing in rent; yet it holds the exclusive right to set and collect rent payments from the 400 plus mixed-income housing units. The lease terminates on the date that the bonds are paid and discharged. At termination, the IDB is required to re-convey the property to St. Bernard for ten dollars, when the public and private financing received to fund the improvements was over 100 million dollars.
The fact that the IDB lease terminates once the bonds are paid and St. Bernard will retain ownership for ten dollars, makes it apparent that the parties intended to form a security contract for the bond indebtedness, not a transfer in ownership. Significantly, the degree of St. Bernard’s authority over the improvements never changed, and it further acknowledges ownership for federal tax purposes. Thus, I would find that the act of transfer constituted a simulation.
Accordingly, I would grant the Assessor’s cross-motion for summary judgment, and find that St. Bernard, a for-profit company, cannot deny ownership with respect to the State for payment of ad valorem *931 taxes but acknowledge ownership to the federal government for depreciation purposes.

. IDB is the Industrial Development Board of the City of New Orleans, Louisiana, Inc.

. Notably, the parties do not purport to be co-owners, wherein they would both share an undivided interest in the same property. See La. C.C. art. 480.

. PILOT is a payment-in-lieu-of-taxes.